THE CINCINNATI GAS & ELECTRIC COMPANY v. MARY COFFELDER.

1. EXCLUDING PETITION FILED IN ANOTHER COURT HELD NOT ERRONEOUS.
   Excluding as evidence a petition filed in another court substantially the same as that upon which the case is tried, and containing no admissions not found in the latter is not erroneous.

2. SUBSEQUENT SPECIFICATIONS IN CHARGE CURING PREJUDICE IN GENERAL STATEMENT IMPUTING RESPONSIBILITY FOR ACCIDENT.
   A charge that the defendant "did dig the trench and is responsible for whatever result naturally grew out of that" is not equivalent to saying that defendant is an insurer against accident, nor prejudicial, especially if the trial court subsequently specified the particular results for which responsibility attached.

Gas & Electric Co. v. Coffelder.

3. READING PLEADINGS AND NOT PREVENTING JURY FROM TAKING THEM TO THEIR ROOM NOT PREJUDICIAL.

Neither reading pleadings before explaining them to the jury, nor permitting the jury to take the pleadings to their room constitutes prejudicial error.

4. PREPONDERANCE AND WEIGHT OF EVIDENCE WRONGLY DEFINED.

Defining the "preponderance of evidence" as "that you believe and that influences your minds in arriving at the conclusion you made" is erroneous; it is not a question of what may, but what amount of evidence must, influence the mind. So, defining the "weight of evidence" as to exclude documentary evidence is prejudicial error.

5. APPEALS TO CORPORATION PREJUDICE AND DISCREDITING WITNESSES BECAUSE OF EMPLOYMENT HELD ABUSE.

Blame for improper argument provoked by opposite counsel will not be apportioned on review, but where exception is made to such argument, failure of the court to rule on the same affirmatively is erroneous. Hence, assailing the credibility and integrity of witnesses because of their employment by a corporation and appealing to existing prejudice against corporations constitute gross abuse of the privilege of counsel and tends to defeat the administration of justice, and reiteration thereof after withdrawal upon exception, is reversible error.

6. PROOF OF DILIGENCE IN ASCERTAINMENT OF FACTS ESSENTIAL TO GRANT NEW TRIAL AFTER TERM UPON DISCOVERY THEREOF.

Overruling a motion for new trial filed after term, based on newly discovered evidence which could not with reasonable diligence have been discovered before is not erroneous, in the absence of proof of due diligence in ascertaining such facts.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**J. W. Warrington** and **Murray Seasongood,** for plaintiff.
**A. W. Goldsmith** and **C. M. Cist,** for defendant.

GIFFEN, J.

The petition filed by the plaintiff, Mary Coffelder, in the United States Court was substantially the same as the one upon which the case was tried in the common pleas court, and as it contained no admission not found in the latter, there was no error in excluding it as evidence.

The charge of the court that the defendant "did dig the trench and is responsible for whatever result naturally grew out of that" is not equivalent to saying that the defendant is an insurer against accident. If the defendant took all necessary precautions to warn and protect the public, especially at night, and an accident nevertheless occurred through the negligence of the person injured, it was the natural result, not of digging the trench, but of such negligence as an abstract proposition of law, and without further explanation its tendency would be to mislead the jury; but in subsequent portions of the charge of the

court specified the particular results for which, under the pleadings, the defendant would be responsible, and it was not therefore prejudicial.

It was not error to read the pleadings before explaining them to the jury, and we are aware of no rule in this state preventing the jury from taking them to the jury room.

The court erred in charging the jury that "by preponderance of the evidence is meant   *   *   *   the evidence that you believe and that influences your mind in arriving at the conclusion you made."

They may have been influenced by evidence that did not outweigh or overbalance the evidence that required a different conclusion. It is not a question of what may but what amount of evidence must influence their mind.

In the next paragraph of the charge "the weight of the evidence" is so defined as to exclude from consideration all the documentary evidence received, which was also error.

The first and third specifications of improper argument to the jury by counsel for plaintiff show that it was provoked by and made in answer to the argument of counsel for defendant, and the court will not undertake to apportion the blame in order to inflict a penalty upon the client. The second specification is as follows:

"Talking about railroads again, I have seen that demonstrated more than once, that one man wants to relieve himself of responsibility of want of discharge of duty. If there is a verdict in this case, you will find Mr. Kenan wanting to know who is responsible for this dereliction of duty. He will send for Mr. Miller and Mr. Franklin and Mr. Kruse and Mr. Reising, and they will try to put the blame on this dead man.

"Mr. Seasongood: I want to object to this; just because Mr. Goldsmith's railroads do that is not reason why he should accuse us of it.

"Mr. Goldsmith: I object to that.

"Mr. Seasongood: Will Your Honor instruct the jury to disregard that?

"Mr. Goldsmith: Very good. It may go out.

"Mr. Goldsmith: I have a right to charge that it is natural that these men who are in interest—

"Mr. Seasongood: That is entirely incompetent to argue that.

"Mr. Goldsmith: I say Mr. Franklin and Mr. Kruse and Mr. Reising are interested in this controversy as employes and subordinates in this gas company, just as much as this plaintiff and her sister and father."

There is no pretense that these remarks were supported by any

Gas & Electric Co. v. Coffelder.

evidence in the case, but were confessedly based upon the experience of counsel in like cases against railroad corporations. To thus assail the credibility and integrity of witnesses, whose only offense is their employment with a corporation, is not only highly reprehensible, but a gross abuse of the privilege of counsel, and if permitted to stand unrebuked will tend to influence existing prejudice against corporations and their employes and to defeat the general administration of justice as well as work an injury to the defendant in this case.

If counsel had been content to rest when, upon objection by counsel for defendant, he said, "It may go out," we might assume that the withdrawal was made in the proper spirit and that no prejudice resulted; but when he immediately added, "I have a right to charge that it is natural that these men who are in interest," it was in effect not only a reiteration of his remarks, but an assertion of the right to make them, and an aggravation of the offense. The objection of counsel for defendant and the failure of the court to rule on the same affirmatively appear in the record, thereby bringing the case within the rule stated in the case of *Hayes* v. *Smith,* 62 Ohio St. 161 [56 N. E. Rep. 879], and *State* v. *Young,* 77 Ohio St. 529 [83 N. E. Rep. 898].

There was no prejudicial error in defining negligence or proximate cause, nor in charging the jury to fully compensate plaintiff for injuries caused by negligence of defendant.

The petition for a new trial filed after term is based on newly-discovered evidence which the defendant could not with reasonable diligence have discovered before—misconduct and fraud of plaintiff, and false testimony. The misconduct and fraud consist in alleged false testimony of plaintiff, her family and physician, which is of no avail until the guilty party has been convicted. Section 5354 Rev. Stat. Sub. 10.

It does not appear that the defendant could, not with reasonable diligence have discovered the evidence bearing upon the question of plaintiff's earning capacity before and after the accident, and as to the cause of a permanent lowering of her shoulder; while it is true that no amount of diligence or foresight would suggest that a brother would voluntarily furnish a clue to facts tending to prove the falsity of his sister's testimony, yet there were many natural and easy sources of information leading up to proof of her earning capacity and the extent of her injury to which the defendant did not resort.

No employer, officer or attorney of the defendant was called as a witness to prove due diligence in ascertaining the facts. Hence, there was no error in refusing a new trial upon petition filed after term; but

the judgment will be reversed for error in the charge and failure of the court to rule upon objection to improper remarks of counsel to the jury, and the cause remanded for a new trial.

**Swing** and **Smith, JJ.,** concur.